1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
For the Northern District of California

UNITED STATES  DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONNIE GENE BUSH,

             Petitioner,

    v.

J. SOLIS, Warden of Correctional Training
Facility Prison,

           Respondent.
_____/

No. C 04-1823 MHP

**MEMORANDUM & ORDER**
**Re: Petition for Writ of Habeas Corpus**

       This action arises from a petition for writ of habeas corpus filed by petitioner Ronnie Gene Bush on May 7, 2004 in which he sought his release from the custody of the Correctional Training Facility in Soledad, California.  Subsequent to the filing of that petition, the California Board of Prison Terms ("the Board") determined that Bush was eligible for release on parole, and Bush was ultimately released him from prison on March 19, 2005.  The question now before the court is thus limited to whether Bush is entitled as a mater of federal law to be discharged from state custody without parole.  Having considered the parties' arguments with respect to that issue and for the reasons stated below, the court enters the following memorandum and order.

BACKGROUND

       In 1984, petitioner Ronnie Gene Bush was convicted of conspiracy to kidnap for ransom or extortion and attempted kidnaping for ransom or extortion in violation of sections 182, 209, and 664 of the California Penal Code.  Following his conviction, Bush was sentenced to life imprisonment with the possibility of parole, with his minimum eligible parole release date set on September 5,

1   1992.  After that date, the Board of Prison Terms was required to assess Bush's parole eligibility

2   periodically in accordance with the criteria set forth in California Penal Code § 3041(a).

3       At a series of hearings held between June 25, 1991 and March 5, 2003, the Board determined that

4   Bush was ineligible for parole seven times.  The instant habeas petition arises from Bush's sixth parole

5   hearing, which was held in December 2001.  Prior to that hearing, the Monterey County Superior Court

6   had granted a writ of habeas corpus based on a petition that Bush had filed after he was denied parole for a

7   fifth time on November 17, 1999.  Pet.'s App. C at 781-84.  In granting Bush's petition, the superior court

8   concluded that the Board's arbitrary and unreasonable application of Penal Code § 3041(a) violated

9   Bush's right to due process of law.  Id.  Accordingly, the court ordered the Board to hold another parole

10  hearing that "comports with due process."  Id. at 784.

11      On December 20, 2001, the Board held a new evidentiary hearing in response to the Superior

12  Court's order.  However, the Board again found Bush to be ineligible for parole, concluding that he would

13  pose an unreasonable risk to public safety if he were released from prison.  Pet.'s App. D at 995.  In

14  response to the Board's decision, Bush moved to modify the court's writ of habeas corpus to order his

15  immediate release on parole, arguing, *inter alia*, that the Board's findings at the December 2001 hearing

16  were not supported by the evidence in the record.  Pet.'s Exh. C. at 849-74.

17      On July 3, 2002, the Monterey County Superior Court issued an order granting Bush's request to

18  be released on parole, concluding that "the Board's readiness to make findings so at odds with the record

19  supports [Bush's] claim that his parole hearing was a sham."  Pet.'s Exh. E at 1441 (citation and original

20  alterations omitted).  The Board appealed, and on May 30, 2003, the California Court of Appeal issued an

21  unpublished opinion reversing the trial court's order.  See In re Bush, No. H024715, 2003 WL 21246781

22  (Cal. App. May 30, 2003).  Specifically, the Court of Appeal held that the lower court failed to give the

23  Board's findings the deference that was warranted under the "some evidence" standard of review that

24  California courts apply in reviewing parole determinations, citing the threats of violence that accompanied

25  Bush's criminal offense, his past criminal history, evidence that Bush lacked "true" remorse for his crimes,

26  and Bush's failure to make plans for post-release employment as facts that were capable of supporting a

27  finding that his release on parole was inappropriate under California law.  See id. at *19-28.  Thus, without

28

UNITED STATES DISTRICT COURT
For the Northern District of California

2

1   explicitly addressing Bush's federal constitutional claims, the Court of Appeal held that the Board did not

2   abuse its discretion in denying Bush parole at the December 2001 hearing.  Id. at *28

3       Following the summary denial of Bush's petition for review by the California Supreme Court, Pet.'s

4   App. E at 1446, Bush filed the instant petition for relief under 28 U.S.C. § 2254 on May 7, 2004.  In his

5   petition, Bush asserts that the Board of Prison Terms' December 2001 decision denying him parole

6   violated his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

7   Based on these allegations, Bush requests that the court order his immediate and unconditional discharge

8   from state custody, or, in the alternative, that it issue an order compelling the Board to hold a new hearing

9   to determine his parole eligibility.

10      Meanwhile, on July 27, 2004, Bush appeared before the Board at his eighth parole eligibility

11  hearing.  At that hearing, the Board finally found Bush suitable for release on parole and, upon calculating

12  his release date, it determined that he had been eligible to be released from prison in 1997, seven years

13  before the date of the hearing.  Dec. 3, 2004 Joint Status Statement at 1; Pet.'s Jan. 4, 2005 Supp. Status

14  Conference Statement at 1.  That decision became final on November 15, 2004.  Id.  Nevertheless, the

15  Board did not act upon its own finding of suitability, and Bush ultimately sought relief in the Marin Country

16  Superior Court, where he filed another petition for writ of habeas corpus and sought his immediate release

17  from custody.  On March 15, 2005, the Marin County Superior Court granted that petition and ordered the

18  Board to release Bush on parole.

19      On March 19, 2005, Bush was released from state custody.  Having obtained a stay of

20  proceedings in this court pending his release, Bush now seeks relief from his status as a parolee, asserting

21  that the same due process and equal protection claims that he initially raised in contesting the

22  constitutionality of his confinement entitle him to immediate and unconditional discharge.  While respondent

23  opposes Bush's claimed entitlement to relief on the merits, the state's supplemental memorandum focuses

24  primarily on the question of whether Bush has exhausted his federal constitutional claims in light of the fact

25  that he is longer being held in physical custody.  The issues raised by the parties are addressed in the

26  discussion that follows.

27

28

**UNITED STATES DISTRICT COURT**
For the Northern District of California

3

UNITED STATES DISTRICT COURT
For the Northern District of California

1   LEGAL STANDARD

2          Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of

3   1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1218 (1996), any person "in custody" pursuant to the

4   judgment of a state court may seek a writ of habeas corpus in federal district court on the ground that he or

5   she is being held "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

6   2254(a).  With respect to questions of law that have been "adjudicated on the merits" in state court,

7   AEDPA requires a petitioner seeking relief under section 2254 to prove that the state court's decision "was

8   contrary to[] or involved an unreasonable application of clearly established federal law," looking exclusively

9   to Supreme Court precedent to determine whether a particular rule of law was "clearly established" at the

10  time of the state court's decision.  Id. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 404-05 (2000).

11  Similarly, a state court's findings of fact may be overturned in federal habeas proceedings only if they were

12  "unreasonable . . . in light of the evidence presented in the State Court proceeding."  28 U.S.C. §

13  2254(d)(2).

14         AEDPA also provides that "an application for a writ of habeas corpus on behalf of a person in

15  custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant

16  has exhausted the remedies available in the courts of the State."  Ngo v. Woodford, 403 F.3d 620, 627

17  (9th Cir. 2005) (quoting 28 U.S.C. § 2254(b)(1)(A)) (original alterations omitted).   To satisfy this

18  requirement, the petitioner must either (1) fairly and fully present each federal claim to the state's highest

19  court or (2) prove that presenting such a claim would be futile because there is no state remedy available.

20  Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) (citing Johnson v. Zenon, 88 F.3d 828, 829

21  (9th Cir. 1996)).  Under Ninth Circuit law, a claim is fully and fairly presented to a state court only if it is

22  presented to the proper forum through an appropriate procedural vehicle and the petitioner informs the

23  state court of the factual and legal bases for the claim.  Id. (citations omitted).

24

25  DISCUSSION

26         Ronnie Gene Bush presently finds himself in a somewhat unusual situation for a petitioner seeking

27  habeas relief in this court: since having filed his original petition in this court he has been released from

28  prison and is no longer in the physical custody of the State of California.  Nevertheless, as a parolee, he is

4

UNITED STATES DISTRICT COURT
For the Northern District of California

1    subject to significant restraints on his personal liberty of the type that have long been held to give rise to

2    jurisdiction under 28 U.S.C. § 2254.  See Jones v. Cunningham, 371 U.S. 236, 242 (1963); see also

3    Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998), cert. denied, 525 U.S. 1081 (1999).

4    Accordingly, the court has subject matter jurisdiction to consider whether Bush is entitled to the relief he

5    requests: namely, his immediate and unconditional discharge without parole.

6         That being the case, the court must nevertheless consider respondent's argument that Bush has

7    failed to exhaust available state remedies before presenting his claims for relief to this court.  There is no

8    dispute that the legal bases for Bush's claims have been adequately presented to each of the three levels of

9    the California court system.  However, this alone is not sufficient to satisfy the exhaustion requirement of 28

10   U.S.C. § 2254(b)(1)(A).  Because the exhaustion doctrine arises out of considerations of federal-state

11   comity, the question of whether a federal habeas petitioner has exhausted available state remedies turns on

12   whether the petitioner gave the state courts "an opportunity to apply controlling legal principles to the facts

13   bearing upon [his or her] constitutional claim[s]."  Picard v. Connor, 404 U.S. 270, 277 (1971) (citation

14   omitted); see also Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (citations, original alterations,

15   and internal quotation marks omitted) (noting that habeas petitioners must "fairly present federal claims to

16   the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its

17   prisoners' federal rights").  Consequently, a habeas petition satisfies the exhaustion requirement of section

18   2254(b)(1)(A) only if both the legal *and factual* predicates for the petitioner's federal claims are presented

19   to the state courts.  Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999) (citing Duncan, 513 U.S. at

20   365, and Correll v. Stewart, 137 F.3d 1404, 1411-12 (9th Cir. 1998)).

21        In light of Bush's recent release on parole, it is apparent that his previous efforts to pursue his

22   claims in state court, which have focused on ending his physical custody, do not satisfy the second, factual

23   prong of the exhaustion requirement.  While it is true that Bush now premises his claimed entitlement to

24   release without parole on the same legal theories that he asserted in state habeas proceedings, California

25   courts have never had the opportunity  to consider the merits of Bush's constitutional claims in light of the

26   Board of Prison Terms' July 2004 suitability finding, nor has Bush given the state courts the chance to

27   consider the relationship between the federal rights that he asserts in his federal habeas petition and the state

28   interests that are protected by the parole system.  This latter point is particular important here, given that the

1   California Penal Code expressly states that the purposes of parole include the "successful reintegration of

2   the offender into society" and the need to provide parolees with supervision and assistance during the

3   transition between imprisonment and discharge.  Cal. Penal Code § 3000(a)(1).  Regardless of whether

4   such considerations are sufficiently important to overcome the due process objections that Bush has raised

5   concerning the Board's failure to grant his immediate and unconditional discharge, AEDPA requires Bush

6   to give California courts the opportunity to make such a determination before he can present his claims for

7   relief to this court.

8           Of course, such a requirement would be excused if no state remedies were available to Bush.

9   See Insyxiengmay, 403 F.3d at 668.  However, that simply is not the case here.  As respondent points out,

10  Bush is currently seeking to terminate his parole in state habeas proceedings, where he has asserted that the

11  Board's failure to credit his excess time served in prison against his term of parole violates California law.

12  See Resp.'s Supp. Mem. P. & A., Exh. A (Pet.'s June 2, 2005 Mot. to Modify Writ of Habeas Corpus).

13  In the absence of any suggestion that Bush would be barred from pursuing his due process and equal

14  protection claims in those state proceedings, he must seek relief there before this court may rule of the

15  merits of his federal petition.  The court therefore concludes that Bush has failed to comply with the

16  exhaustion requirement of 28 U.S.C.§ 2254(b)(1)(A) by pursuing all available remedies in state court.

17          This conclusion compels the court to dismiss Bush's habeas petition.  Admittedly, considerations of

18  judicial economy counsel against such a disposition of a petition for habeas relief that has already been

19  briefed on the merits.  However, it is hardly unusual that principles of comity and federalism trump the

20  concern for the efficient resolution of a habeas petitioner's claims.  Here in particular, the court must be

21  mindful of the fact that Bush has presented colorable claims that the Board's refusal to credit his excess

22  time served in prison against his term of parole violates California law as well as the Due Process Clause of

23  the federal Constitution.  Under such circumstances, the better course is to give California courts the

24  opportunity to resolve Bush's claims as a matter of state law before invoking the blunt instrument of federal

25  constitutional authority.  Accord Rose v. Lundy, 455 U.S. 509, 518-19 (1982) (observing that "it would be

26  unseemly in our dual system of government for a federal district court to upset a state court conviction

27  without [providing] an opportunity to the state courts to correct a constitutional violation").  Thus, Bush's

28

UNITED STATES DISTRICT COURT
For the Northern District of California

6

1    petition for writ of habeas corpus must be dismissed, and the court need not consider the merits of his

2    federal claims at this time.

3

4    CONCLUSION

5          For the reasons stated above, the instant petition for writ of habeas corpus is hereby DISMISSED

6    WITHOUT PREJUDICE to pursuing the asserted claims in state court.  The clerk shall close the file.

7          IT IS SO ORDERED.

8    Dated:   July 1, 2005

9                                                              MARILYN HALL PATEL
                                                               District Judge
10                                                             United States District Court
                                                               Northern District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
For the Northern District of California

7